# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LEE SCOTT,<br><br>    Petitioner,<br><br>v.<br><br>CRAIG KOENIG,[1]<br><br>    Respondent. | Case No. 1:18-cv-00225-DAD-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO AMEND CAPTION<br><br>(ECF No. 11) |

Petitioner Clarence Lee Scott is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As the instant petition was filed outside 28 U.S.C. § 2244(d)(1)'s one-year limitation period, the undersigned recommends granting Respondent's motion to dismiss and dismissing the petition for writ of habeas corpus.

## I.

## BACKGROUND

On July 27, 2009, Petitioner was convicted in the Kings County Superior Court of murder of Daniel G. (count one); assault of Daniel G., a child under the age of eight in Petitioner's care, resulting in the child's death (count two); infliction of cruel or inhuman corporal injury on Reginald G., a child (count three); and infliction of corporal injury on Jane Doe, a cohabitant

---

[1] Craig Koenig is the current Acting Warden of the Correctional Training Facility, where Petitioner is currently housed, and has been automatically substituted as Respondent in this matter pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1

(count four). He was sentenced to an imprisonment term of thirty-two years to life. (LDs[2] 1, 2). On March 3, 2011, the California Court of Appeal, Fifth Appellate District affirmed the judgment. (LD 2). On May 11, 2011, the California Supreme Court summarily denied Petitioner's petition for review. (LDs 3, 4). Thereafter, Petitioner filed six state habeas petitions, which were all denied. (LDs 5–16).

On February 8, 2018,[3] Petitioner constructively filed the instant federal petition for writ of habeas corpus. (ECF No. 1). On April 12, 2018, Respondent filed a motion to dismiss, arguing that the petition was filed outside the one-year limitation period. (ECF No. 11). Petitioner has filed an opposition to the motion to dismiss. (ECF No. 15).

## II.

## DISCUSSION

### A. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application

---

[2] "LD" refers to the documents lodged by Respondent on May 3, 2018. (ECF No. 12).
[3] Pursuant to the mailbox rule, a pro se prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to both federal and state habeas petitions. Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010). Respondent applies the mailbox rule in the motion to dismiss. (ECF No. 11 at 2 n.2).

2

> created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. However, Petitioner appears to argue that the limitation period began to run on a later date based on "new authority not available previously." (ECF No. 15 at 1; ECF No. 1 at 21). It is not entirely clear to the Court what new authority Petitioner references with respect to the limitation period beginning to run on a later date. However, Petitioner cites to <u>United States v. Johnson</u>, 135 S. Ct. 2551 (2015), and <u>Welch v. United States</u>, 136 S. Ct. 1257 (2016), to argue that California caselaw barring habeas corpus for untimeliness is unconstitutionally vague. (ECF No. 1 at 20–21).

Section 2244(d)(1)(C) provides that the one-year limitation period begins to run from the date on which a "newly recognized" constitutional right, made retroactively applicable to cases on collateral review, was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). To the extent that Petitioner argues that <u>Johnson</u> entitles Petitioner to a later commencement date of AEDPA's one-year limitation period pursuant to § 2244(d)(1)(C), the Court finds the argument unpersuasive.

In <u>Johnson</u>, the Supreme Court held that the Armed Career Criminal Act's residual clause[4] was unconstitutionally vague. 135 S. Ct. at 2563. Thereafter, the Supreme Court held that

---

[4] Federal law forbids certain individuals to ship, transport, possess, or receive firearms or ammunition and punishes a violation of this ban by up to ten years' imprisonment. 18 U.S.C. §§ 922(g), 924(a). The Armed Career Criminal Act increases the term of imprisonment to a minimum of fifteen years and a maximum of life when the defendant

3

"Johnson announced a new substantive rule that has retroactive effect in cases on collateral review." Welch, 136 S. Ct. at 1268. Although Johnson announced a new substantive rule, it did not newly recognize a constitutional right. Further, Johnson did not concern any of the California statutes under which Petitioner was convicted or any California cases regarding the timeliness of habeas corpus petitions. Therefore, § 2244(d)(1)(C) is inapplicable. See Carney v. Hatton, No. 17-cv-04949-RS (PR), 2018 WL 2298597, at *1 (N.D. Cal. May 21, 2018) (gathering cases that concluded Johnson does not qualify as triggering event under 28 U.S.C. § 2244(d)(1)(C)), appeal filed, No. 18-16065 (9th Cir. June 8, 2018).

Accordingly, Petitioner's conviction became final on August 9, 2011, when the ninety-day period to file a petition for writ of certiorari in the United States Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The one-year limitation period commenced running the following day, August 10, 2011, and absent tolling, was set to expire on August 9, 2012. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

**B. Statutory Tolling**

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). A habeas petition that is untimely under state law is not "properly filed." Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). Therefore, "none of the time before or during the state court's consideration of an untimely petition is tolled for purposes of AEDPA's limitations period." Curiel v. Miller, 830 F.3d 864, 868 (9th Cir. 2016) (en banc) (citing Evans v. Chavis, 546 U.S. 189, 197 (2006)). "[I]f a California court dismisses a habeas petition without comment, or even if it reviews a petition on the merits without discussing timeliness, a federal court 'must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness.'" Robinson v. Lewis, 795 F.3d 926, 929 (9th Cir. 2015) (quoting Chavis, 546 U.S. at 197–98).

---

has three or more earlier convictions for a "serious drug offense" or a "violent felony" or both. 18 U.S.C. § 924(e)(1). A "violent felony" is defined to include, *inter alia*, "any crime punishable by imprisonment for a term exceeding one year . . . that . . . otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). This is known as the Act's residual clause. Johnson, 135 S. Ct. at 2556.

1 |     California courts apply a general "reasonableness" standard to determine whether a state
2 | habeas petition is timely. Carey v. Saffold, 536 U.S. 214, 222 (2002). Because "California courts
3 | had not provided authoritative guidance on this issue," the Supreme Court in Chavis "made its
4 | own conjecture . . . 'that California's "reasonable time" standard would not lead to filing delays
5 | substantially longer than' between 30 and 60 days." Robinson, 795 F.3d at 929 (quoting Chavis,
6 | 546 U.S. at 199). However, if a petitioner demonstrates good cause, California courts allow a
7 | longer delay. Robinson, 795 F.3d at 929 (citing In re Robbins, 18 Cal. 4th 770, 780 (1998)).

### 1. First State Habeas Petition

On July 3, 2012, Petitioner constructively filed a state petition for writ of habeas corpus in the Kings County Superior Court, which denied the petition on August 31, 2012. (LDs 5, 6). There is nothing in the record that suggests this state habeas petition was not properly filed, and Respondent makes no such argument. (ECF No. 11 at 4). Thus, Petitioner is entitled to statutory tolling for the period his first state habeas petition was pending in the Kings County Superior Court.

### 2. Second State Habeas Petition

On November 1, 2012, Petitioner constructively filed a state habeas petition in the California Court of Appeal, Fifth Appellate District. (LD 7). The petition was summarily denied without comment on November 21, 2012. (LD 8). Respondent argues that because this petition was untimely and thus, "not properly filed," there is no statutory tolling of the time before or during the California Court of Appeal's consideration of the second state habeas petition. (ECF No. 11 at 5–6).

Petitioner filed his second state habeas petition in the California Court of Appeal sixty-two days after the Kings County Superior Court denied habeas relief. The Ninth Circuit has held that delays of 115, 101, and 81 days make a California state habeas petition untimely unless the petitioner can show good cause. Robinson, 795 F.3d at 930 (citing Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010)). However, the Ninth Circuit has not adopted a bright-line rule that unexplained delays exceeding sixty days is *per se* unreasonable, and currently is awaiting an answer from the California

Supreme Court regarding whether sixty-six days is a substantial delay rendering a state petition untimely. Robinson, 795 F.3d at 931, 935.

Given that "no Ninth Circuit case addresses a delay of this length and district courts are split," Robinson, 795 F.3d at 933, the Court finds that sixty-two days is not an unreasonable delay. Therefore, the petition was timely filed, and Petitioner is entitled to statutory tolling for the period his second state habeas petition was pending in the California Court of Appeal and the interval between the superior court's adverse decision and when the petition was filed in the California Court of Appeal. See Chavis, 546 U.S. at 193.

### 3. Third State Habeas Petition

On February 28, 2013, Petitioner filed his third state habeas petition in the California Supreme Court, which summarily denied the petition without comment on April 17, 2013. (LDs 9, 10). Respondent argues that because this petition was untimely and thus, "not properly filed," there was no statutory tolling of the time before or during the California Supreme Court's consideration of the petition. (ECF No. 11 at 7–8).

Petitioner filed his third state petition in the California Supreme Court ninety-nine days after the California Court of Appeal denied habeas relief. This is substantially longer than the thirty-to-sixty-day benchmark of the reasonable time standard, and therefore, the petition was timely only if Petitioner can demonstrate good cause for the delay. See Robinson, 795 F.3d at 929; Velasquez, 639 F.3d at 968; Chaffer, 592 F.3d at 1048. Here, Petitioner has failed to provide an explanation for the delay. Accordingly, the Court finds that Petitioner is not entitled to statutory tolling for the period this petition was pending and the interval between the California Court of Appeal's adverse decision and when the petition was filed in the California Supreme Court.

### 4. Conclusion

The Court finds that the instant federal petition was filed outside the one-year limitation period when statutory tolling is applied. Three hundred twenty-eight days elapsed between the date Petitioner's state conviction became final (August 9, 2011) and the date Petitioner filed his first state habeas petition in the Kings County Superior Court (July 3, 2012). AEDPA's one-year

clock stopped while Petitioner's first and second state habeas petitions in the Kings County Superior Court and the California Court of Appeal were pending (July 3, 2012–November 21, 2012). As discussed above, Petitioner's untimely third petition filed in the California Supreme Court was not "properly filed," and thus, the 147-day period before and during the court's consideration of said petition (November 22, 2012– April 17, 2013) is not tolled. This adds up to 475 days, which is more than the one-year limitation period. Petitioner constructively filed his fourth state habeas petition on March 1, 2017, almost four years after his third state habeas petition was denied. However, § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, the instant federal petition is untimely unless Petitioner establishes that equitable tolling is warranted.

### C. Equitable Tolling

The limitations period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace, 544 U.S. at 418). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418. Here, however, Petitioner has not made any showing that he is entitled to equitable tolling. Therefore, the instant federal petition was not timely filed, and dismissal is warranted on this ground.

## III.

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 17) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file

written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 29, 2018**　　　　　/s/ *Erin P. Gros*
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE